UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

SHAYARTO PERKINS #184125,                )
                                         )
                    Plaintiff,           )      Case No. 2:08-cv-97
                                         )
v.                                       )      Honorable R. Allan Edgar
                                         )
RAYMOND BOOKER, et al.,                  )
                                         )
                    Defendants.          )
_____)

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim except with regard to his First Amendment Free Exercise claims against Defendants Miron and Castello. The Court will serve the complaint against Defendants Miron and Castello.

**Discussion**

I.      Factual allegations

Plaintiff Shayarto Perkins, an inmate at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Ryan Correctional Facility Warden Raymond Booker, Southern Michigan Warden Sherry Burt, Rhonda Anderson, LMF Inspector James Contreras, Resident Unit Manager Curt Rife, LMF Records Office Supervisor J. Hinsa, LMF Assistant Resident Unit Supervisor Keith M. Castello, LMF Corrections Officer William Maki, LMF Resident Unit Officer K. Hill, LMF Resident Unit Officer Unknown Sebaly, LMF Resident Unit Officer Unknown Miron, MDOC Assistant Librarian S. Saltner, LMF Librarian J. Yoak, LMF Corrections Officer T. Gould, LMF Hearing Officer Linda Maki, LMF Assistant Deputy Warden Lyle Rutter, and LMF Warden Dave Bergh.

Plaintiff alleges in his complaint that in July of 2006, he made numerous attempts from prison to communicate with his daughter Siwatu-Salama Ra, but Defendant Anderson, who is the mother of Plaintiff's daughter, was not giving the letters to his daughter. Plaintiff states that Defendant Anderson refused to come to a resolution with Plaintiff concerning various things that Defendant Anderson had allowed his daughter to be subjected to. Plaintiff told Defendant Anderson that if she did not correct the problem, he would report her to Child Services.

In August of 2006, Plaintiff learned that Defendants Booker and Burt were giving Defendant Anderson confidential and other information regarding Plaintiff, including the names and addresses of Plaintiff's family, their dates of birth, and their social security numbers. In addition, Defendants Booker and Burt also gave Defendant Anderson information regarding Plaintiff's location, misconduct report history, and information regarding whether Plaintiff might be released

on parole.  Defendant Anderson asked Defendants Booker and Burt to make Plaintiff's time at LMF as hard as possible and to keep him incarcerated as long as possible.

Defendants Booker, Burt and Anderson contacted Defendant Contreras and asked that he make Plaintiff's time as hard as possible.  Defendant Contreras then began systematically telling staff at LMF that Plaintiff did not have anything coming and that they should deny Plaintiff's requests and grievances as much as possible.  Plaintiff states that he subsequently was subject to a barrage of "retaliation and other illegal acts."  Specifically, Plaintiff states that on September 8, 2006, Defendant Hines refused to give Plaintiff credit for time served.  On December 6, 2006, Plaintiff was moved to Maple unit, where Defendant Rife ordered staff to harass him with false misconduct reports.  On January 15, 2007, Defendant Maki falsified a notice of intent on Plaintiff, claiming that he had violated Kosher dietary rules and causing Plaintiff to be removed from a Kosher diet.  On January 19, 2007, Defendant Castello told Plaintiff that Defendant Maki was a friend of his and that he was not going to jeopardize that for Plaintiff despite the evidence showing that Plaintiff did not violate any Kosher rules.  Defendant Maki then upheld the false notice of intent.  On February 10, 2007, Defendant Gould told Plaintiff that he had not forgotten the legal action and police report that Plaintiff had filed on him, and stated that Defendant Contreras had sent him to teach Plaintiff a lesson.  He then conducted a body search on Plaintiff, grabbing hold of Plaintiff's penis and pulling on it.  Plaintiff claims that this caused him to suffer pain and that he was subsequently denied medical attention.

On February 14, 2007, and February 15, 2007, Defendants Hill and Sebaly wrote five fabricated misconduct reports on Plaintiff, which resulted in Plaintiff receiving an 18 month continuance of parole.  On February 23, 2007, Defendant Maki told Plaintiff that he should not have

"made problems for Contreras and his friends down state or made a complaint on William Maki." Defendant Maki stated that because of his complaints, she was going to find Plaintiff guilty on every misconduct ticket. Plaintiff claims that she has followed through on this threat at least three times since. On March 6, 2007, Defendant Hinsa refused to terminate Plaintiff's consecutive sentences, which Plaintiff had already served. On April 9, 2007, Plaintiff submitted legal documents for copying. Defendants Salter and Yoak refused to copy the documents, which were necessary legal exhibits. On June 6, 2006, Plaintiff discovered that an incorrect parole guideline score sheet had been completed on him and was being used to deny Plaintiff parole. On September 20, 2007, while Plaintiff was trying to enter his cell, Defendant Miron closed the door on him, and then denied him medical attention.

Plaintiff states that on September 28, 2007, Defendant Contreras covered up the February 14-15, 2007, fabricated misconducts. On October 26, 2007, Defendant Miron removed Plaintiff from his Kosher diet, claiming that Plaintiff had purchased non-Kosher foods from the prisoner store. Plaintiff's mother contacted LMF officials seeking to have the retaliatory conduct stopped, to no avail. On December 21, 2007, Defendants Booker, Burt and Anderson told Defendant Contreras to cut off all communications between Plaintiff and his daughter. Defendant Anderson altered some of Plaintiff's letters as a pretext in order to justify the action. Defendant Contreras then prepared a notice of intent to that effect and gave it to Defendant Castello to be carried out. Defendant Castello cut off Plaintiff's communication with his daughter on January 4, 2008. Plaintiff states that his daughter is a 16 year old minor and that his parental rights have never been terminated. On February 1, 2008, Defendant Contreras intercepted a letter to Plaintiff's daughter and wrote Plaintiff a major misconduct report. Plaintiff was found guilty of the misconduct.

- 4 -

Plaintiff claims that Defendants Rutter and Bergh were repeatedly made aware of the illegal acts against Plaintiff, but failed to take any corrective action.  Plaintiff claims that Defendants' conduct violated his rights under the First, Eighth and Fourteenth Amendments.  Plaintiff seeks compensatory and punitive damages, as well as equitable relief.

II.    Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Initially, it should be noted that Defendant Anderson is not an employee of the State of Michigan.  In order to prevail on a Section 1983 claim, a plaintiff must establish that a person acting under color of state law deprived him of a right secured by the Constitution or the laws of the United States.  *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994).  Defendant Anderson is not a state actor against whom claims can be asserted under Section 1983.  Therefore, Defendant Anderson is properly dismissed.

Plaintiff claims that Defendants Booker, Burt, Contreras and Castello violated his First Amendment rights when they prohibited him from sending mail to his daughter at the request

- 5 -

of her custodial parent.  Such an action is permissible pursuant to MDOC Policy Directive 05.03.118(D)(6), which provides that mail addressed to anyone who has objected to receiving mail from the prisoner sending the mail is prohibited  The court notes that the Sixth Circuit has not decided the degree to which prison inmates retain their freedom of association. *Long v. Norris*, 929 F.2d 1111, 1118 (6th Cir.), *cert. denied*, 502 U.S. 863 (1991).  However, other courts have held that an inmate's right to mail letters to his family or friends is not absolute.  *Corby v. Conboy*, 457 F.2d 251, 254 (2d Cir. 1972); *Williams v. Ward*, 404 F. Supp. 170, 172 (S.D. N.Y. 1975); *Chiarello v. Bohlinger*, 391 F. Supp. 1153, 1154 (S.D. N.Y. 1975), *aff'd*, 573 F.2d 1288 (1978).  In addition, a court in the Eastern District of Michigan recently held that "no right of freedom of association exists for prisoners." *Bazzetta v. McGinnis*, 902 F. Supp. 765, 770 (E.D. Mich. 1995), *aff'd*, 124 F.3d 774 (6th Cir. 1997), *supp. by*, 133 F.3d 382 (6th Cir. 1998), *cert. denied*, 524 U.S. 953 (1998). Accordingly, any limited right of freedom of association Plaintiff might retain while incarcerated was not violated by the alleged actions of Defendants Booker, Burt, Contreras and Castello.

Plaintiff claims that Defendant Gould violated his Eighth Amendment rights when he grabbed his penis during a body search on February 10, 2007, causing Plaintiff to suffer pain.  In addition, Plaintiff asserts that Defendant Miron violated his Eighth Amendment rights when he closed Plaintiff's cell door on him and denied him medical care.  An Eighth Amendment claim comprises an objective and subjective component:  (1) a sufficiently grave deprivation and (2) a sufficiently culpable state of mind.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Rodgers v. Jabe*, 43 F.3d 1082, 1086 (6th Cir. 1995).  Plaintiff must prove these elements by a preponderance of the evidence.  *Brooks v. Celeste*, 39 F.3d 125, 127-128 (6th Cir. 1994).  Taking Plaintiff's allegation as true, they are insufficient to state a claim because the alleged deprivations are not sufficiently grave.

Only those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave for an Eighth Amendment claim. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). A de minimis use of physical force is beyond constitutional recognition, provided that the use of force is not of a sort "repugnant to mankind." *Id*. at 9-10 (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)); *see Norman v. Taylor*, 25 F.3d 1259, 1264 (4th Cir. 1994), *cert. denied* 513 U.S. 1114 (1995) ("absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis). Federal courts have routinely held that a single push, shove, punch, or blow by a prison guard does not rise to the level of a constitutional violation. *Neal v. Miller*, 778 F. Supp. 378, 383-384 (W.D. Mich. 1991) (collecting cases). The same hold true even when the push or shove appears to be unnecessary. *Hampton v. Alexander*, No. 95-3457, 1996 WL 40237 (6th Cir. Jan. 31, 1996). As noted above, Plaintiff claims that Defendant Gould grabbed his penis during a body search and that Defendant Miron shut a door on him while he was entering his cell. The approximately fifteen seconds of physical discomfort suffered by Plaintiff while he was caught in the door and during the body search is not sufficient to state an Eighth Amendment claim. *See Benson v. Carlton*, No. 99-6433, 2000 WL 1175609, at *1 (6th Cir. Aug. 9, 2000) (whirling sensation in prisoner's head after fear of guard caused him to skip supper constituted a de minimis injury and did not support claim for mental or emotional suffering under the Eighth Amendment); *Scott v. Churchill*, No. 97-2061, 2000 WL 519148, at *2 (6th Cir. April 6, 2000) (plaintiff's claim that guard grabbed his neck and threatened him did not rise to the level of an Eighth Amendment violation). Plaintiff does not allege or show that he suffered physical injury from the incident or required medical attention. Furthermore, because Plaintiff fails to allege or show more than a de minimis  physical injury, his Eighth Amendment claim for mental anguish

is barred by 42 U.S.C. § 1997e(e), which precludes any claim by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of physical injury." *See Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 807 (10th Cir.1999); *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999); *Zehner v. Trigg*, 133 F.3d 459, 461 (7th Cir. 1997); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *Oliver v. Sundquist*, No. 00-6372, 2001 WL 669994, at *1 (6th Cir. June 7, 2001); *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000). Thus, Plaintiff's Eighth Amendment claims against Defendants Gould and Miron are properly dismissed.

Plaintiff claims that Defendant Hinsa violated his Fourteenth Amendment rights when he improperly refused to terminate Plaintiff's consecutive sentences, which Plaintiff has already served and improperly calculated Plaintiff's sentence. This claim implicates the fact or duration of plaintiff's confinement and therefore must be brought as a claim for habeas corpus relief under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). A claim that has been brought pursuant to Section 1983, may not be construed as a habeas corpus claim. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *Moore v. Pemberton*, 110 F.3d 22 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253 (c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

In addition, the related damages claims must be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 117 S. Ct. 1584 (1997). A claim for damages which hinges upon the validity of a conviction affecting the

- 8 -

length of a prisoner's sentence does not accrue and is therefore not cognizable under Section 1983 until plaintiff has first established the invalidity of the conviction in the state courts or through a habeas corpus proceeding.  Proof of the illegality of a conviction is a necessary element of the § 1983 cause of action.  Unless a conviction has been reversed, there has been no injury of constitutional proportions, and thus no § 1983 suit may exist.  *Heck v. Humphrey*, 512 U.S. at 482, 114 S. Ct. at 2370; *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995).  Although the *Heck* case involved a criminal conviction, the principles declared there are equally applicable to a prison misconduct ticket.  *Edwards*, 520 U.S. at 643, 117 S. Ct. at 1585.

When a prisoner seeks money damages in a Section 1983 action for the collateral consequences of an allegedly invalid misconduct ticket, he necessarily requires the Court to assess the validity of the underlying ticket.  As declared in *Preiser* and reiterated in *Heck*, a challenge to the validity of a matter requiring habeas corpus scrutiny is not cognizable under Section 1983.  Further, pursuant to *Heck*, a damages claim arising out of the same challenge, which *is* cognizable under Section 1983, does not accrue until plaintiff has had the conviction reversed or set aside.  *Schilling*, 58 F.3d at 1086.

In *Edwards*, the Court cited *Heck* for the proposition that in order to recover damages under § 1983 for an allegedly unconstitutional conviction or sentence, a plaintiff must prove that the conviction or sentence has been overturned.  *Id.* 520 U.S. at 641-2, 117 S. Ct. at 1586 (citing *Heck*, 512 U.S. at 486-487).  The Supreme Court then noted that the Ninth Circuit "was incorrect in asserting that a claim seeking damages only 'for using the wrong procedure, not for reaching the wrong result' . . . would never be subject to the limitation announced in *Heck*."  *Edwards*, 520 U.S. 646, 117 S. Ct. at 1588.  The Supreme Court went on to hold that where a prisoner's claim of unfair

procedures in a disciplinary hearing necessarily implies the invalidity of the deprivation of good-time credits, his claim for money damages is not cognizable under § 1983. *Edwards*, 520 U.S. 648, 117 S. Ct. at 1589. Finally, the Court held that a stay of a § 1983 claim while a plaintiff seeks the restoration of good-time credits would be inappropriate because § 1983 contains no judicially imposed exhaustion requirement. Rather, "a claim is either cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id.*

Plaintiff also claims that his parole guideline score was incorrect and that this form was used in the decision to deny Plaintiff parole. Plaintiff states that he is entitled to a hearing with a corrected score sheet. He fails to raise a claim of constitutional magnitude. Plaintiff has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so, and thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.* at 7; *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan procedural authorities to deny parole," has held that the Michigan system does not create a liberty interest in parole. Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's Parole scheme creates no liberty interest in being released on parole. *See Ward v. Stegall*, No. 03-1804, 2004 WL 614581 (6th Cir. March 24, 2004); *Martin v. Ohio Adult Parole*

- 10 -

*Auth.*, No. 03-3642, 2003 WL 22976604, at *1 (6th Cir. Dec. 8, 2003); *Bullock v. McGinnis*, No.

00-1591, 2001 WL 180978, at *2 (6th Cir. Feb. 14, 2001); *Turnboe v. Stegall*, No. 00-1182, 2000

WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL

1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Michigan Parole Bd.*, No. 99-1817, 2000 WL

800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th

Cir. Dec. 17, 1999).  Also, in unpublished decisions, the Sixth Circuit has held that particular parts

of Michigan's statutory parole scheme do not create a liberty interest in parole.  *See Fifer v.*

*Michigan Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v.*

*McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-

1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL

613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th

Cir. Jan. 21, 1993); *Janiskee v. Michigan Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th

Cir. May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990).

Finally, the Michigan Supreme Court has recognized that there is no liberty interest in parole under

the Michigan system.  *Glover v. Michigan Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999).

Accordingly, Plaintiff has no liberty interest at stake.  Because Plaintiff has no liberty interest at

stake, he fails to state a claim for a violation of his procedural due process rights.  *See Sweeton*, 27

F.3d at 1164-65.

   Plaintiff claims that Defendants Saltner and Yoak improperly refused to copy

necessary legal documents for him.  In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court

recognized a prisoner's fundamental right of access to the courts.  While the right of access to the

courts does not allow a State to prevent an inmate from bringing a grievance to court, it also does

- 11 -

not require the State to enable a prisoner to discover grievances or litigate effectively. *Lewis v. Casey*, 518 U.S. 343 (1996). Thus, *Bounds* did not create an abstract, free-standing right to a law library, litigation tools, or legal assistance. *Id.* at 351 (1996). Further, the right may be limited by legitimate penological goals, such as maintaining security and preventing fire or sanitation hazards. *See Acord v. Brown*, No. 91-1865, 1992 WL 58975 (6th Cir. March 26, 1992); *Hadix v. Johnson*, No. 86-1701, 1988 WL 24204 (6th Cir. March 17, 1988); *Wagner v. Rees*, No. 85-5637, 1985 WL 14025 (6th Cir. Nov. 8, 1985).

To state a claim, an inmate must show that any shortcomings in the library, litigation tools, or legal assistance caused actual injury in his pursuit of a legal claim. *Lewis*, 518 U.S. at 351; *Talley-Bey*, 168 F.3d at 886; *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). An inmate must make a specific claim that he was adversely affected or that the litigation was prejudiced. *Vandiver v. Niemi*, No. 94-1642, 1994 WL 677685, at *1 (6th Cir. Dec. 2, 1994). Particularly, an inmate cannot show injury when he still has access to his legal materials by request, *Kensu*, 87 F.3d at 175, when he fails to state how he is unable to replicate the confiscated documents, *Vandiver*, 1994 WL 677685, at *1, or when he could have received the material by complying with the limits on property, e.g., where he had the opportunity to select the items that he wanted to keep in his cell, or when he had an opportunity to purchase a new footlocker that could hold the property. *Carlton v. Fassbender*, No. 93-1116, 1993 WL 241459, at *2 (6th Cir. July 1, 1993). Because Plaintiff fails to allege that he suffered such an injury, his access to courts claims against Defendants Saltner and Yoak are properly dismissed.

- 12 -

In addition, Plaintiff's claims against Defendant Maki are precluded by absolute judicial immunity since the alleged acts were committed in the performance of her duties in a prison disciplinary hearing. *See Shelley v. Johnson*, 849 F.2d 228, 230-31 (6th Cir.1988).

Plaintiff's claims against Defendants Rutter and Bergh are properly dismissed for lack of personal involvement. Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a

- 13 -

time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendants Rutter and Bergh were personally involved in the activity which forms the basis of his claim. The only roles that Defendants Rutter and Bergh had in this action involve the denial of administrative grievances or the failure to act. Defendants Rutter and Bergh cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264, 120 S. Ct. 2724 (2000). Accordingly, the Court concludes that Plaintiff's claims against Defendants Rutter and Bergh are properly dismissed for lack of personal involvement.

Finally, the court notes that Plaintiff's free exercise claims against Defendants Miron and Castello for the improper removal from a Kosher diet are not clearly frivolous and may not be dismissed on initial screening.

- 14 -

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Booker, Burt, Anderson, Contreras, Rife, Hinsa, Hill, Sebaly, Saltner, Yoak, Gould, Maki, Rutter, and Bergh will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against Defendants Miron and Castello.

An Order consistent with this Opinion will be entered.


Dated:      6/9/08                              /s/ R. Allan Edgar
                                      R. Allan Edgar
                                      United States District Judge