UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHAYARTO PERKINS #184125,

    Plaintiff,

v.                                                                                           Case No. 2:08-cv-97
                                                                                             HON. R. ALLAN EDGAR
RAYMOND BOOKER, et al.,

    Defendants.

_____/

## ORDER ADOPTING IN PART
## REPORT AND RECOMMENDATION

    The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge on May 29, 2009. The Report and Recommendation was duly served on the parties. The Court received objections from Defendants Castello and Miron, as well as a response to those objections by Plaintiff. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made.

    In their objections, Defendants Castello and Miron assert that the Magistrate Judge erred in concluding that the RLUIPA authorized individual capacity suits against individual defendants and that Defendants are not entitled to summary judgment on that basis. Initially, the court notes that neither the United States Supreme Court nor the Sixth Circuit Court of Appeals has ruled on this issue. However, Defendants Castello and Miron state that the most recent case law supports the conclusion that the RLUIPA does not create a private right of action against Defendants in their individual capacities. A review of the most recent cases in this district supports Defendants' assertion. *See Cromer v. Braman, et al.*, Case No. 1:07-cv-9, 2009 WL 806919 (W.D. Mich. 2009)

(J. Jonker) and *Dawson v. Burnette, et al.*, Case No. 1:08-cv-363, 2009 WL 1230318 (W.D. Mich. 2009) (J. Maloney) (finding no provision for the recovery of monetary damages against defendants in their personal capacities). Therefore, in light of these recent decisions, Defendants are entitled to summary judgment on Plaintiff's individual capacity damages claims under the RLUIPA. For the same reasons, Defendants are entitled to qualified immunity on that basis.

Defendants also contend that the Magistrate Judge erred in concluding that there are genuine issue of material fact precluding summary judgment on Plaintiff's claims. Defendants assert that because Plaintiff did not come forward with statements / affidavits from prisoners Holman, Smith, Robinson, and Rabbi Feinberg, prior to submitting his response to Defendants' motion for summary judgment, such as along with his complaint, they should be presumed to be forged by Plaintiff. However, there is no requirement that Plaintiff submit affidavits in support of his complaint. Contrary to Defendants' assertions, the fact that Plaintiff did not previously produce these documents does not require the court to find that they are not genuine. In addition, even if these statements were created solely for purposes of this lawsuit, it does not follow that the authors of the affidavits / statements are not telling the truth. As noted by the Magistrate Judge, when addressing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Therefore, the court may not disregard the affidavits / statements produced by Plaintiff in determining the existence of a genuine issue of material fact.

Defendants also state that they are entitled to summary judgment on Plaintiff's retaliation claims because Plaintiff has not succeeded in showing that he was engaged in protected conduct. Defendants reassert the contentions made in the underlying pleadings. However, as noted by the Magistrate Judge in the report and recommendation, Plaintiff has provided evidence showing

that Defendants conspired to get him removed from a Kosher diet in retaliation for his litigious activities. Therefore, Defendants are not entitled to summary judgment on Plaintiff's retaliation claims.

Defendants also restate their arguments regarding Plaintiff's First Amendment free exercise claim. This contention was addressed at great length in the report and recommendation. For the reasons set forth by the Magistrate Judge, Defendants are not entitled to summary judgment on Plaintiff's First Amendment claims.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is ADOPTED IN PART as the opinion of the court. The motion for summary judgment filed by Defendants Miron and Castello (docket #30) will be GRANTED with regard to Plaintiff's RLUIPA claims and denied with regard to Plaintiff's First Amendment retaliation and free exercise claims.


Dated: 7/9/09                                  /s/ R. Allan Edgar
                                               R. ALLAN EDGAR
                                               UNITED STATES DISTRICT JUDGE