UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHAYARTO PERKINS #184125,

    Plaintiff,
v.                                                  Case No. 2:08-cv-97
                                                        HON. R. ALLAN EDGAR
RAYMOND BOOKER, et al.,

    Defendants.
_____/

**MEMORANDUM AND ORDER**

Plaintiff Shayarto Perkins, a Michigan state prisoner in the custody of the Michigan Department of Corrections, brought this federal civil rights action under 42 U.S.C. § 1983. He is currently imprisoned at the Baraga Maximum Correctional Facility in Baraga, Michigan.

After negotiating a settlement agreement, the parties executed a very short, simple stipulation/agreed order of dismissal which the Court entered on June 9, 2010. It provides: "NOW COMES Plaintiff and Defendants, by counsel, and hereby stipulate and agree to entry at this time of an order dismissing the above action, with prejudice, and without interest, costs, or attorney fees." [Court Doc. No. 104]. This entire civil action was dismissed with prejudice by agreement of the parties in accordance with Fed. R. Civ. P. 41(a). The terms of the settlement agreement were not incorporated into the stipulation/agreed order of dismissal. The Court did not retain ancillary jurisdiction with regard to any future enforcement of the settlement agreement.

On September 15, 2010, plaintiff Perkins made a motion to enforce the settlement agreement. [Court Doc. No. 106]. Perkins contends that the defendants have breached the settlement agreement. Defendants oppose the motion.

Magistrate Judge Timothy P. Greeley has submitted a report and recommendation. [Court

Doc. No. 112]. The Magistrate Judge correctly finds that the terms of the settlement agreement were not made part of the stipulation/agreed order of dismissal and this Court did not retain jurisdiction over the case. It is recommended that the motion to enforce the settlement agreement be denied on the ground of lack of subject matter jurisdiction pursuant to *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375 (1994).

Plaintiff Perkins objects to the report and recommendation. After reviewing the record *de novo*, the Court concludes that the objection [Court Doc. No. 113] is without merit. The District Judge agrees with and adopts the report and recommendation.

The Court has an obligation to raise the issue of lack of subject matter jurisdiction on its own initiative. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506, 514 (2006); *Freeland v. Liberty Mutual Fire Insurance Co.*, 632 F.3d 250, 252 (6th Cir. 2011); *Heartwood, Inc. v. Agpaoa*, 628 F.3d 261, 266 (6th Cir. 2010); Fed. R. Civ. P. 12(h)(3).

The motion to enforce the settlement agreement must be denied on the ground of lack of subject matter jurisdiction based on *Kokkonen*, 511 U.S. 375, and its progeny. The Court does not have either ancillary or independent jurisdiction to enforce the settlement agreement under *Kokkonen*, 511 U.S. 375. Because plaintiff Perkins and the defendants are all citizens of Michigan, the Court lacks diversity jurisdiction under 28 U.S.C. § 1332 to summarily enforce the settlement agreement. *See Limbright v. Hofmeister*, 566 F.3d 672 (6th Cir. 2009).

In his objection to the report and recommendation, Perkins seeks to distinguish his case from *Kokkonen* with regard to the specific type of subject matter jurisdiction exercised in the underlying civil action. Perkins brought this federal civil rights action under 42 U.S.C. § 1983 invoking this Court's subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). Perkins argues that his case is distinguishable from *Kokkonen* on the basis that *Kokkonen* involved California state

law claims with diversity jurisdiction under 28 U.S.C. § 1332. Perkins argues that the Supreme Court in *Kokkonen* held the federal district court lacked jurisdiction to enforce the settlement agreement because the underlying claims were California state law claims. Perkins states:

> Plaintiff's case here, from the beginning were Federal claims properly before the Federal Court. So for this Court to enforce plaintiff's settlement agreement would not be in violation of the Kokkonen case, as enforcement of the settlement agreement would simply be an enforcement of this Court's order to ensure the sanctity and adherence to its order. And this would be in line with this Court's ancillary jurisdiction and supervisory power.

[Court Doc. No. 113, p. 1].

This argument fails. Perkins misunderstands the Supreme Court's analysis and holding in *Kokkonen*. For purposes of applying *Kokkonen*, it is immaterial that the underlying dismissed lawsuit in *Kokkonen* involved the exercise of diversity jurisdiction under 28 U.S.C. § 1332, whereas Perkins brought his dismissed federal civil rights action under 42 U.S.C. § 1983 invoking this Court's subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). The present case involving Perkins is not distinguishable from *Kokkonen* on this basis with regard to addressing the specific question whether this Court has subject matter jurisdiction over Perkins' motion to enforce the settlement agreement. *Kokkonen* requires that the motion by Perkins to enforce the settlement agreement have some independent basis for subject matter jurisdiction separate and apart from the subject matter jurisdiction that this Court previously exercised in the original dismissed § 1983 suit.

Federal courts are courts of limited jurisdiction. Federal courts possess only that power authorized by the United States Constitution and federal statutes, which cannot be expanded by judicial decree. *Kokkonen*, 511 U.S. at 377; *accord United States v. Lucido*, 612 F.3d 871, 873 (6th Cir. 2010). It is presumed that a cause of action lies outside this limited jurisdiction. The burden of establishing that a federal court has proper subject matter jurisdiction rests upon the party

asserting jurisdiction. *Kokkonen*, 511 U.S. at 377; *Re/Max International, Inc. v. Realty One, Inc.*, 271 F.3d 633, 641 (6th Cir. 2001); *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001); *Douglas v. E.G. Baldwin & Associates*, 150 F.3d 604, 606 (6th Cir. 1998). Plaintiff Perkins has not met his burden of showing that this Court has subject matter jurisdiction over his motion to enforce the settlement agreement in the wake of *Kokkonen*.

In *Kokkonen*, the parties reached an oral agreement settling all claims and counterclaims during trial. The substance of the settlement agreement was orally recited on the record. The parties executed a written stipulation and agreed order dismissing the entire case with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(ii) which was entered by the district court thereby closing the case. The stipulation and agreed order of dismissal did not refer to or incorporate the terms of the settlement agreement, and the district court did not state that it was retaining any jurisdiction to enforce the settlement agreement in the future. *Kokkonen*, 511 U.S. at 376-77. This is precisely what has occurred in the instant case involving Shaharto Perkins.

After the underlying suit in *Kokkonen* had been dismissed, the district court granted a motion by one party to enforce the settlement agreement. The other party opposed this on the ground that the district court lacked subject matter jurisdiction. The district court determined that it had the inherent authority to enforce the settlement agreement. The Ninth Circuit Court of Appeals affirmed. *Kokkonen v. Guardian Life Insurance Company of America*, 993 F.2d U.S. 883 (9th Cir. 1993) (Table).

The Supreme Court in *Kokkonen*, 511 U.S. 375, reversed and remanded. It reasoned that neither Fed. R. Civ. P. 41(a)(1)(ii) nor any other provision of federal law authorized the district court to retain subject matter jurisdiction over disputes arising out of the settlement agreement that produced the stipulation of dismissal. *Id*. at 378. As courts of limited jurisdiction, federal courts do

not possess the inherent power to vindicate their own authority where the parties enter into a settlement agreement resolving their federal lawsuit. *Id*. at 376-78; *see also Re/Max International*, 271 F.3d at 641. The Supreme Court said: "Enforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen*, 511 U.S. at 378.

The Supreme Court in *Kokkonen* rejected the argument that the doctrine of ancillary jurisdiction could be applied to authorize the district court to take jurisdiction over the motion to enforce the settlement agreement. *Kokkonen*, 511 U.S. at 378-80. The Supreme Court recognized that the situation would be different if the obligation of the parties to comply with the settlement agreement had been made part of the order of dismissal either by: (1) a separate provision in the dismissal order retaining jurisdiction in the district court over the settlement agreement; or (2) incorporating the terms of the settlement agreement into the order of dismissal. In that event, a breach of the settlement agreement would constitute a violation of the district court's order, and there would exist ancillary jurisdiction to enforce the settlement agreement. *Id*. at 380-81; *see also Re/Max International*, 271 F.3d at 641-45; *Futernick v. Sumpter Township*, 207 F.3d 305, 310 (6th Cir. 2000); *Caudill v. North American Media Corp.*, 200 F.3d 914, 916-17 (6th Cir. 2000). But that did not occur in *Kokkonen*, and it likewise did not occur in the instant case involving Perkins.

Absent the settlement agreement being made a part of the district court's order of dismissal in at least one of these two ways, *Kokkonen* holds that enforcement of the settlement agreement is a matter for state courts based on a breach of contract theory, unless there is some independent basis for the federal district court to exercise subject matter jurisdiction. *Kokkonen*, 511 U.S. at 381-82. The Supreme Court in *Kokkonen* reasoned that a motion to enforce a settlement agreement is

essentially a suit involving a claim for breach of a contract, part of the consideration for which was dismissal of the earlier civil action in federal court. No federal statute makes that connection for federal courts to exercise subject matter jurisdiction over such a breach-of-contract dispute. *Id*. at 381.

Consistent with *Kokkonen*, the Sixth Circuit holds that settlement agreements are contracts governed by principles of state contract law. *Neely v. Good Samaritan Hospital*, 345 Fed. Appx. 39, 43 (6th Cir. 2009); *MLW Associates, Inc. v. Certified Tool & Manufacturing Corp.*, 106 Fed. Appx. 307, 312 (6th Cir. 2004); *In re Southern Ohio Correctional Facility*, 191 F.3d 453 (Table, text at 1999 WL 775830, * 5 (6th Cir. Sept. 24, 1999)); *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992); *accord Colston v. Redick*, 2005 WL 3312563 (W.D. Mich. Dec.7, 2005).

*Kokkonen* is directly on point and governs the motion by Perkins to enforce the settlement agreement. The present case involving Perkins is not distinguishable from *Kokkonen*. This civil action was terminated by a stipulation/agreed order of dismissal. The terms of the settlement agreement were not incorporated into the stipulation/agreed order of dismissal. This Court did not retain ancillary jurisdiction over this case with regard to any future enforcement of the settlement agreement. This is precisely the kind of stipulation and agreed order of dismissal that the Supreme Court in *Kokkonen* held is insufficient to create ancillary jurisdiction over a subsequent dispute concerning enforcement of the settlement agreement. *See e.g. Hehl v. City of Avon Lake*, 90 Fed. Appx. 797 (6th Cir. 2004) (district court lacked subject matter jurisdiction over motion to enforce settlement agreement in federal law case where plaintiff claimed wrongful termination for exercising rights protected under First Amendment to United States Constitution); *Kitchen-Bey v. Toombs*, 2011 WL 1044481 (W.D. Mich. Feb. 23, 2011) (Magistrate Judge's report and recommendation, adopted by District Judge in *Kitchen-Bey v. Toombs*, 2011 WL 1004651 (W.D. Mich. March 2, 2011));

*Adams v. City of Marshall*, 2007 WL 3102099 (W.D. Mich. Oct. 22, 2007); *DeLeon v. BBI Enterprises Group, LP*, 2006 WL 1313861 (W.D. Mich. May 11, 2006). The dispute between plaintiff Perkins and the defendants concerning enforcement of the settlement agreement is one for breach of contract arising under Michigan law and it may be litigated in the Michigan state courts.

In *Limbright*, 566 F.3d at 676, the Sixth Circuit recognized that when applying *Kokkonen* to a post-dismissal motion to enforce a settlement agreement, subject matter jurisdiction may be either independent or ancillary. *Limbright* held that a district court had independent subject matter jurisdiction to enforce a settlement agreement that produced the dismissal of an earlier federal suit when there was 28 U.S.C. § 1332 diversity jurisdiction over the breach-of-settlement-agreement controversy. The Sixth Circuit concluded that, beyond the issue of ancillary jurisdiction, *Kokkonen* allows an independent basis for federal jurisdiction to enforce a settlement agreement, such as diversity jurisdiction or federal question jurisdiction. *Limbright*, 566 F.3d at 676.

*Limbright* does not afford any relief to Perkins here. In the present case, there is no basis for this Court to exercise independent subject mater jurisdiction over the motion by Perkins to enforce the settlement agreement under either diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331.

This Court lacks diversity jurisdiction under 28 U.S.C. § 1332 to adjudicate the breach-of-contract controversy concerning enforcement of the settlement agreement because plaintiff Perkins and the defendants are all citizens of Michigan. There is no diversity of citizenship between plaintiff Perkins and the defendants. *Caudill*, 200 F.3d at 915-16; *Kitchen-Bey*, 2011 WL 1044481, at * 2.

In a futile effort to circumvent *Kokkonen*, 511 U.S. 375, Perkins requests that this Court exercise supplemental jurisdiction over his motion to enforce the settlement agreement pursuant to 28 U.S.C. § 1367. Perkins argues that, even at this late stage after entry of the stipulation/agreed

order of dismissal, the Court may exercise supplemental jurisdiction over his motion to enforce the settlement agreement.

This argument fails. Perkins does not cite any relevant law to support his position. The Court concludes that it cannot exercise supplemental jurisdiction over the motion to enforce the settlement agreement in the wake of *Kokkonen*, 511 U.S. 375. The entire complaint brought by Perkins under 42 U.S.C. § 1983 was dismissed with prejudice on June 9, 2010, when the stipulation/agreed order of dismissal was entered. The Court dismissed all federal law claims over which it had original jurisdiction. If Perkins was going to invoke supplemental jurisdiction over any related state law claims pursuant to 28 U.S.C. § 1367, he was required to do so prior to dismissal of the 42 U.S.C. § 1983 complaint. Once the 42 U.S.C. § 1983 civil action has been completely dismissed by agreement of the parties, Perkins cannot thereafter invoke supplemental jurisdiction to bring a motion to enforce the settlement agreement. Supplemental jurisdiction over a related state law claim can only be invoked while the underlying civil action is pending before the Court and the Court has original jurisdiction over one or more claims. In sum, it is far too late for supplemental jurisdiction.

28 U.S.C. § 1367 supplemental jurisdiction cannot be utilized under *Kokkonen*, 511 U.S. 375, as an independent basis to exercise subject matter jurisdiction over the motion by Perkins to enforce the settlement agreement because the motion was filed after entry of the stipulation/agreed order of dismissal. At this juncture, there is no civil action suit pending in this Court that contains one or more claims over which the Court has original subject matter jurisdiction which can support and allow the exercise of supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the motion to enforce the settlement agreement predicated on a Michigan state law breach-of-contract theory. There is nothing in *Kokkonen*, 511 U.S. 375, and the Sixth Circuit precedent interpreting and

applying *Kokkonen*, that allows this Court to grant the request by Perkins to exercise supplemental jurisdiction over his motion to enforce the settlement agreement.

Moreover, pursuant to 28 U.S.C. § 1367(c)(3) the Court declines to exercise supplemental jurisdiction over the motion to enforce the settlement agreement after the underlying civil suit has been completely dismissed.  Section 1367(c)(3) provides that the Court may decline to exercise supplemental jurisdiction over a related claim under § 1367(a) if the Court has dismissed all claims over which it has original jurisdiction.

Accordingly, the objection by plaintiff Perkins to the report and recommendation [Court Doc. No. 113] is **DENIED**.  The Court **ACCEPTS and ADOPTS** the Magistrate Judge's report and recommendation [Court Doc. No. 112] pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. LCivR 72.3.  The motion by plaintiff Perkins to enforce the settlement agreement and impose sanctions against the defendants [Court Doc. No. 106] is **DENIED** on the ground of lack of subject matter jurisdiction.

SO ORDERED.

Dated: August 19, 2011.

                                                      /s/    *R. Allan Edgar*
                                                        R. ALLAN EDGAR
                                          UNITED STATES DISTRICT JUDGE